UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JUAN HOUSE,                                     :
          Plaintiff,                          :
                                              :
          v.                                  :        No. 2:20-cv-02683
                                              :
JOHN DOE #1, *et al.*,                           :
          Defendant.                          :

_____

**O P I N I O N**
**Motions to Dismiss, ECF Nos. 19, 22- Granted**

**Joseph F. Leeson, Jr.**                                              **August 31, 2021**
**United States District Judge**

## I.     BACKGROUND

On June 4, 2020, Plaintiff Juan House initiated this action pro se pursuant to 42 U.S.C. §

1983 complaining about the lack of variety, quality, and service of his Kosher meals while he

was incarcerated at the George W. Hill Correctional Facility, the prison's lack of a Kosher meal

menu, the fact that he had to sign to receive his Kosher meals, and the prison's failure to satisfy

his complaints through the grievance process.  Defendants filed motions to dismiss, which House

opposed in the form of a motion for summary judgment.  The motion for summary judgment was

denied as premature, but House's arguments therein are considered in opposition to the pending

motions.  For the reasons set forth below, the Complaint is dismissed for failure to state a claim.

## II.    LEGAL STANDARDS

### A.     Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche*

*Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B.      Section 1983 claims - Review of Applicable Law**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). The first step for the court analyzing a claim under § 1983 "is to identify the exact contours of the underlying right said to have been violated."  *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998).   The court must determine "whether the plaintiff has alleged a deprivation of a constitutional right at all."  *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Id.*). Section "1983 is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted).

Additionally, a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

## III.    ANALYSIS

### A.    House fails to plead the personal involvement of each Defendant.

House failed to specifically identify the individuals who allegedly served him the same food for several weeks, provided poorer quality or lesser amounts of food in the kosher meals, caused his meals to be delivered late, or failed to give him a menu. Although House makes numerous allegations, they are not made with the required particularity. To the extent that any of his claims for relief avoid dismissal or are dismissed without prejudice, House is advised that he must include additional, specific factual allegations regarding the personal involvement of each Defendant in any amended complaint.

### B.    House's claims related to grievances are dismissed with prejudice.

An "inmate has no constitutional right to a grievance procedure." *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009). Accordingly, House's claims regarding the prison's lack of

response to his grievances do not state a claim and are dismissed with prejudice because any amendment would be futile.[1]

### C. House's claim the kosher diet was not nutritious is dismissed without prejudice, as is his claim about signing for meals, but the other complaints about the service of meals and lack of variety are dismissed with prejudice.

House's complaints about the timing of his meals, the temperature of the meals, and the lack of variety or a menu do not state a claim for relief. *See Kretchmar v. Beard*, 241 F. App'x 863, 865 (3d Cir. 2007) (holding that the prisoner's complaint about a cold Kosher diet survives Constitutional scrutiny).[2] Because there is no constitutional violation, leave to amend would be futile.

To the extent House makes bare allegations that he was not being provided a nutritionally adequate diet, *see* Compl. ¶ 54, he does not allege sufficient facts to state an Eighth Amendment claim. There is both an objective and a subjective component to such a claim. *See Duran v. Merline*, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013) ("An inmate's diet must provide adequate nutrition, but corrections officials may not be held liable unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)"). To state a claim, House must provide specific factual allegations that Defendants were deliberately indifferent to his

---

[1]    *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

[2]    While the *Kretchmar* court also considered whether the inmate had alleged that the Kosher meal practice ran afoul of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, House does not present such a claim. Regardless, the allegations in the Complaint here would not support a RLUIPA claim. *See Kretchmar*, 241 F. App'x at 865. *See also Washington v. Klem*, 497 F.3d 272, 277 (3d Cir. 2007) (holding that to state a claim under RLUIPA, the plaintiff must show that the defendant impose "a *substantial burden* on the religious exercise of a person residing in or confined to an institution" (emphasis added)).

health or safety, which "is shown when the prison official(s) knew of and disregarded an excessive risk to the inmate's health or safety" (subjective component).  *See Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 128-29 (3d Cir. 2018).  The Complaint is insufficient in this regard.  Moreover, aside from his unhappiness, House does not allege any facts that would suggest that the Kosher meals posed an excessive risk to his health (objective component).  *Accord Duran*, 923 F. Supp. 2d at 719-20 (holding that where the inmate "lost approximately 50 pounds in six months and experienced allergic reactions in the form of large, painful sores on his face and other parts of his body . . . Defendants . . . were aware of the problems with his meal plan, [which] caused him to suffer negative health effects that were significant and would be obvious to even the casual observer, and [] nothing was done by these defendants to remedy the problems with his meal plan").  This claim is dismissed, but without prejudice because this Court cannot conclude that an amendment would be futile.

Finally, House's claims about the prison's procedure requiring him to sign for his Kosher meal does not, as pled, state a claim.  A "plaintiff states a claim for violation of the Equal Protection clause when he alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (internal quotations omitted).  According to the Complaint, the corrections officers were the ones initially required to sign the food cart certifying that the Kosher meals were served as a "tracking system."  *See* Compl. ¶¶ 84-119. House claims, however, that some of them would sign for the food cart even if the kitchen staff failed to put the Kosher meals on the cart.  *See id.* and Ex. N-2.  It was only after inmates were complaining about this practice that the prison starting have the inmates sign acknowledging receipt of a Kosher meal tray.  It does not appear from these allegations that the prison

intentionally discriminated against inmates receiving Kosher meals; rather, the prison could have rationally believed that this practice served to eliminate concerns that the kitchen staff was not providing kosher meals. Accordingly, House has failed to state an equal protection claim for signing for Kosher meals. However, this Court cannot conclude that an amendment would be futile and dismisses this claim without prejudice.

### D.    Amended complaint.

To the extent that any of the claims are dismissed without prejudice, House is given leave to file an amended complaint consistent with this Opinion. He is advised that any "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. *See id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

House is not required to file an amended complaint. If he does not file an amended complaint within the time allotted by the accompanying order, his case will be dismissed with prejudice and closed. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the

district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").[3]

## IV.   CONCLUSION

House's claims that Defendants failed to respond to his grievances and about the timing, temperature, and lack of variety or a menu for Kosher meals are dismissed with prejudice. House also fails to plead sufficient allegations that he was denied a nutritionally adequate diet in violation of the Eighth Amendment or that Defendants violated his equal protection rights by having him sign for his Kosher meals, but the Court cannot conclude that an amendment would be futile as to these claims and they are dismissed without prejudice.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]     An analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Regardless, this Court notes that the case may also be appropriate for dismissal under *Poulis* because the last communication this Court had from House was on January 19, 2021. On June 11, 2021, this Court was informed by the prison that House, whose address of record is the George W. Hill Correctional Facility, was released from custody. Despite being issued pro se guidelines advising House, *inter alia*, that failure to notify the court of any change of address could result in the case being dismissed for failure to prosecute. *See* ECF No. 4 (citing E.D. Pa. Local Rule 5.1(b) (providing that a notice of change of address be filed with the Clerk of Court within fourteen (14) days of an address change), he has not contacted the court. On July 29, 2021, this Court issued an order directing House to show cause why his case should not be dismissed for failure to prosecute within thirty days of the date of the order. *See* ECF No. 36. To date, there has been no response.